UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALICIA,<br><br>    Plaintiff,<br><br>    v.<br><br>T. MARSH, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00011-DAD-SAB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STAY RULING ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S REQUEST FOR COURT ORDER TO CORRESPOND WITH INMATE WITNESSES<br><br>[ECF No. 50] |

Plaintiff Jose Galicia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to stay ruling on Defendants' pending motion for summary judgment, filed January 26, 2017. Defendants filed a response on February 1, 2017.

**I.**

**DISCUSSION**

**A.    Motion to Stay Ruling on Defendants' Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(d) provides that "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d). In seeking relief under Rule 56(d), Plaintiff bears the burden of specifically identifying relevant

information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir. 2009) (quotation marks and citation omitted); Getz v. Boeing Co., 654 F.3d 852, 867-68 (9th Cir. 2011); Tatum v. City and County of San Francisco, 441 F.3d 1090, 1100-01 (9th Cir. 2006).

"Courts are reluctant to deny Rule 56(d) requests." Freeman v. ABC Legal Servs., Inc., 827 F.Supp.2d 1065, 1071 (N.D. Cal. 2011). Courts generally grant Rule 56(d) motions, "unless the non-moving party has not diligently pursued discovery of the evidence." Burlington N. Santa Fe R. Col. v. Assiniboine & Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 773-74 (9th Cir. 2003) (citations omitted).

At issue in the exhaustion motion for summary judgment is whether Plaintiff exhausted the administrative remedies as to Defendants Jennings and Guzman. Plaintiff argues that he was subject to retaliation and therefore was thwarted from exhausting the administrative remedies against Defendants Jennings and Guzman.

In his motion for discovery, Plaintiff requests to obtain through discovery certain grievances that he claims will support his argument of retaliation. To the extent, Plaintiff may be able to discover admissible/relevant evidence to support his claim of allegations of retaliation, the Court finds that Plaintiff has met his burden under Rule 56(d) and will permit limited discovery as to his argument of retaliation. However, in granting Plaintiff's request, the Court has not considered the merits of Defendants' motion for summary judgment and any argument of retaliation thereto by Plaintiff.

**B.    Motion to Correspondence with Inmate Witnesses**

Plaintiff requests a court order directing the California Department of Corrections and Rehabilitation (CDCR) to permit him to correspond with inmates Gonzales and Mendez.

California Code of Regulations, Title 15, Section 3139 sets forth the procedure an inmate must follow in order to initiate communication with a parolee or other inmate: he must have an interview with his Correctional Counselor, complete a Request for Correspondence Approval form, and obtain written authorization from the Warden of his institution. Cal. Code Regs. tit 15, § 3139(a)-(c).

Plaintiff does not indicate that he ever sought prior approval to correspond with inmates Gonzales and Mendez or that he has been denied permission to correspond with these inmates. (See ECF Nos. 50, 51.) Accordingly, Plaintiff's motion for an order directing the CDCR to allow him to correspond with these inmates is premature and must be denied.

## II.

## ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to stay ruling on Defendants' motion for summary judgment is granted;

2. Plaintiff must serve the limited discovery request(s) within **twenty-one (21)** days of the date of service of this order;

3. Defendants must respond to Plaintiff's discovery request(s) within **thirty (30)** days of service;

4. Plaintiff's opposition to Defendants' motion for summary judgment shall be due within **thirty (30)** days of receiving responses to discovery;

5. Defendants' reply, if any, shall be due within **fourteen (14)** days of service of the opposition; and

6. Plaintiff's request for a court order to correspondence with inmate witnesses is denied.

IT IS SO ORDERED.

Dated:   **February 28, 2017**

UNITED STATES MAGISTRATE JUDGE