UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALICIA,<br><br>    Plaintiff,<br><br>    v.<br><br>T. MARSH, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00011-DAD-SAB (PC)<br><br>ORDER GRANTING DEFENDANTS JENNINGS, GUZMAN AND MARSH'S REQUEST TO VACATE THE DISCOVERY AND SCHEDULING ORDER PENDING RESOLUTION OF DEFENDANTS' MOTIONS<br><br>[ECF No. 55] |

    Plaintiff Jose Galicia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

    Currently before the Court is Defendants Jennings, Guzman, and Marsh's request to vacate the discovery and scheduling order pending ruling on their exhaustion related motion for summary judgment, filed March 20, 2017.

    Defendants Jennings, Guzman and Marsh request that the Court's August 23, 2016, discovery and scheduling order be vacated and a new order be issued after resolution of Defendant Marsh's motion to dismiss and Defendants Jennings and Guzman's motion for summary judgment are resolved. Pursuant to the August 23, 2016, discovery and scheduling order, the discovery deadline is April 23, 2017, and the dispositive motion deadline is July 3, 2017.

1  On February 28, 2017, the Court granted Plaintiff's request to stay ruling on Defendants
2  Jennings and Guzman's pending exhaustion-related motion for summary judgment in order for
3  Plaintiff to propound discovery requests related to filing his opposition.

4  The Court is vested with broad discretion to manage discovery. Dichter-Mad Family Partners,
5  LLP v. U.S., 709 F.3d 749, 751 (9th Cir. 2013) (per curiam); Hunt v. Cnty. of Orange, 672 F.3d 606,
6  616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005);
7  Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for
8  good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden
9  or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of
10 discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the
11 courts and the litigants, Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery
12 pending resolution of immunity issue).

13 The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution
14 of an exhaustion motion was explicitly recognized by the Ninth Circuit. Albino v. Baca, 747 F.3d
15 1162, 1170-71 (9th Cir. 2014) (en banc); see also Gibbs v. Carson, No. C-13-0860 THE (PR), 2014
16 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014). The failure to exhaust is an affirmative defense, and
17 Defendants are entitled to move for judgment on the issue. Albino, 747 F.3d at 1166. Thus, the
18 pending exhaustion motion has the potential to bring final resolution to some or all of Plaintiff's
19 claims in this action, which would obviate the need for discovery as to those claims.[1] Gibbs, 2014 WL
20 172187, at *3. Moreover, "[e]xhaustion should be decided, if feasible, before reaching the merits of a
21 prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. Albino,
22 747 F.3d at 1170.

23 ///
24 ///
25 ///
26

---

[1] Although Plaintiff disputes that he failed to exhaust, the Court will make that determination when it considers Defendants' exhaustion motion of the merits. Albino, 747 F.3d at 1171.

1  Good cause having been presented to the Court, it is HEREBY ORDERED that the August 23,
2  2016, discovery and scheduling order is vacated, and the Court will issue a new discovery and
3  scheduling order, if necessary, after resolution of Defendants' pending motions.

6  IT IS SO ORDERED.

7  Dated:  **March 21, 2017**

8  UNITED STATES MAGISTRATE JUDGE