# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALICIA,<br><br>      Plaintiff,<br><br>v.<br><br>T. MARSH, et al.,<br><br>      Defendants. | Case No.: 1:16-cv-00011-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MARSH AND WEATHERFORD'S MOTIONS TO DISMISS AND PLAINTIFF'S MOTION TO AMEND<br><br>[ECF Nos. 28, 31, 32] |

Plaintiff Jose Galicia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant Marsh's motion to dismiss, filed September 30, 2016, and Defendant Weatherford's motion to dismiss, filed October 13, 2016.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendants Guzman, Marsh, Weatherford, and Jennings for due process violations in connection with a rules violation report and hearing for possession of a deadly weapon.[1]

---

[1] Defendants Marsh, Guzman and Jennings are represented by Deputy Attorney General Sean Lodholz, and Defendant Weatherford is represented by Kristina Doan Gruenberg.

1

On August 22, 2016, Defendants A. Guzman and J. Jennings filed an answer to the complaint. On August 23, 2016, the Court issued the discovery and scheduling order.

On September 30, 2016, Defendant Marsh filed the instant motion to dismiss. (ECF No. 28.)

On October 13, 2016, Defendant Weatherford filed a motion dismiss. (ECF No. 31.)

On October 27, 2016, Plaintiff filed a motion for leave to file an amended complaint, and lodged a second amended complaint. (ECF Nos. 32 & 33.) On November 2, 2016, Defendants A. Guzman, M. Jennings, and T. Marsh filed an opposition to Plaintiff's motion to amend. (ECF No. 37.) On November 3, 2016, Defendant Weatherford joined in Defendants' opposition. (ECF No. 38.) Plaintiff filed a reply on December 27, 2016. (ECF No. 49.)

On November 28, 2016, Plaintiff filed an opposition to Defendant Weatherford's motion to dismiss. (ECF No. 44.) Defendant Weatherford filed a reply on December 5, 2016. (ECF No. 46.)

## II.

## DISCUSSION

### A. Motion to Dismiss Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have

their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

Defendant argues that the action should be dismissed on the ground that Plaintiff's due process claim him against him is barred by the favorable-termination rule announced in Heck v. Humphrey, 512 U.S. 477 (1994).

**B.     Complaint Allegations**

On March 15, 2013, Plaintiff was transferred to Corcoran State Prison and placed in administrative segregation pending release to facility 3A.

On March 20, 2013, Plaintiff arrived in facility 3A, housing unit 2 and was assigned to cell 212. Plaintiff was never asked to sign a document acknowledging that cell 212 was searched prior to Plaintiff's assignment as mandated by California Department of Corrections and Rehabilitation (CDCR) guidelines.

On March 27, 2013, Plaintiff appeared before the classification committee which chose to release Plaintiff to Facility 3A general population.

On April 2, 2013, a mass search of facility 3A, housing unit 2 was conducted. During this search a weapon was discovered in a cavity behind the door handle of Plaintiff's cell door. The door handle on the interior of Plaintiff's cell door is secured by specialized screws designed to only unscrew with the use of a specialized tool. No tool that could be used to remove the door handle was ever found in Plaintiff's cell or personal property.

On April 2, 2013, Plaintiff was placed in administrative segregation and charged with possession of a deadly weapon.

On April 10, 2013, Plaintiff was given ten minutes to view photographs of the alleged weapon. Plaintiff contends that ten minutes was not enough time to formulate an adequate defense, based on the photographs.

On July 18, 2013, correctional officer Guzman was assigned to serve as Plaintiff's investigative employee. Plaintiff forwarded a list of questions for four witnesses. Plaintiff did not know the name of the fourth witness but provided his job title as "R & R Sergeant."

On July 20, 2013, another inmate pled guilty to possession of the same weapon that Plaintiff was charged to have possessed.

On July 20, 2013, Lieutenant Weatherford was the senior hearing officer who conducted the disciplinary hearing of the inmate who pled guilty to possession of the weapon. During the disciplinary hearing of the other inmate, Weatherford received exculpatory testimony exonerating Plaintiff of the charge. Defendant Weatherford refused to record the statement and told inmate (John Doe) to mind his own business.

On July 23, 2013, Defendant Guzman gave Plaintiff a copy of the interviews he conducted on three staff members, but refused to provide an explanation on why the fourth witness was not questioned. Plaintiff asserts that the fourth witness could have explained that upon Plaintiff's arrival on 3A yard his personal property was x-rayed just a few days prior to the search.

On July 25, 2013, Plaintiff appeared before senior hearing officer (SHO) T. Marsh. SHO Marsh was aware that someone else had already pled guilty to the same charge. Plaintiff was a little concerned that Marsh was conducting his disciplinary hearing since he reviewed a grievance that Plaintiff had previously filed.

Defendant Marsh seemed to have his mind made up prior to Plaintiff's hearing for he simply asked for a statement. When Plaintiff noticed that he was recording the statement, Defendant Marsh told Plaintiff there was no need. Plaintiff asked why Marsh had not reviewed the interviews of the three staff members, and he said it would not make a difference because he knew the weapon belonged to Plaintiff who was a south sider and in need of a knife on the yard.

On August 10, 2013, Plaintiff received a written disposition signed by T. Marsh finding Plaintiff guilty as charged. Based on the staff reports, Plaintiff was sentenced to a fifteen month term in the security housing unit and accessed 360 days of forfeiture of credit.

Defendant Jennings was the Chief Disciplinary Officer (CDO) who oversaw the disciplinary hearings of both inmates, John Doe and Plaintiff. Jennings duties as the CDO consist of making sure disciplinary hearings conform with constitutional safeguards and take corrective action is necessary.

Plaintiff contends that the excessive typos and mistakes in the incident and disciplinary reports complicated his appeals process.

Plaintiff seeks an injunction ordering that the disciplinary conviction be expunged and to restore the 360 days of forfeited credit; compensatory damages for the property that was confiscated; punitive damages in an amount determined by the Court; and any other relief Plaintiff may be entitled.

### C. Request for Judicial Notice

Defendant Marsh requests that the Court take judicial notice of Plaintiff's abstract of judgment from his underlying state criminal conviction. (ECF No. 29.)

Federal Rule of Evidence 201 permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it is either: (1) generally known within the territorial jurisdiction of the trial court; or (2) capable of accurate and ready determination by resort to sources who accuracy reasonably cannot be questioned. Fed. R. Evid. 201(b). Courts may take judicial notice of facts related to the case before it. Amphibious Partners, LLC v. Redman, 534 F.3d 1357, 1361-1362 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). This Court may judicially notice the records and filing of other court proceedings. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Bennett v. Medtronic, Inc., 285 F.3d 801, 802 n.2 (9th Cir. 2002). This includes documents filed in state courts. Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).

The Court takes judicial notice of the Exhibit A by Defendant as such document is appropriate for judicial notice. (ECF No. 29, Ex. A.) Plaintiff is serving a fifteen year sentence for second degree burglary with a firearm enhancement. (Id.)

### D. Defendants Marsh and Weatherford's Motions to Dismiss and Plaintiff's Motion to Amend

As previously stated, Defendant T. Marsh was the SHO at Plaintiff's July 25, 2013, disciplinary hearing and found Plaintiff guilty of possessing a deadly weapon and assessed Plaintiff 360 days' loss of goodtime credit. Plaintiff contends that T. Marsh was biased against him in violation of the due process rights under the Fourteenth Amendment and requests, in part, that his disciplinary conviction be expunged and the loss of 360 days of goodtime credit be restored.

Plaintiff contends that Defendant Weatherford had knowledge that another inmate pled guilty to possession of the weapon that Plaintiff was accused of possessing, and failed to provide this "exculpatory evidence" during Plaintiff's disciplinary hearing.

Defendant Marsh argues that if Plaintiff is successful with respect to his claim that he was not impartial during Plaintiff's disciplinary hearing, it will necessarily invalidate his conviction and affect the length of time he must serve. Therefore, the claim should be dismissed, without prejudice, as Plaintiff must first invalidate his conviction by way of petition for writ of habeas corpus.

Defendant Weatherford also argues that if Plaintiff is successful with respect to his claim regarding the withholding of exculpatory evidence, it will necessarily invalidate Plaintiff's conviction and affect the length of time he must serve. In the alternative, Defendant Weatherford argues he is entitled to qualified immunity.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995). In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added). Finally, embodied in the protection of the individual against arbitrary action of government, Wolff, 418 U.S. at 558, is the

requirement that the decision maker be impartial, Edwards, 520 U.S. at 647; Wolff, 418 U.S. at 570-71. "The due process requirements for a prison disciplinary hearing are in many respects less demanding than those for criminal prosecution, but they are not so lax as to let stand the decision of a biased hearing officer who dishonestly suppresses evidence of innocence." Edwards, 520 U.S. at 647.

It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action and their sole remedy lies in habeas corpus relief. Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Often referred to as the favorable termination rule or the Heck bar, this exception to section 1983's otherwise broad scope applies whenever state prisoners "seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson, 544 U.S. at 81; Heck v. Humphrey, 512 U.S. 477, 482, 486-487 (1994); Edwards v. Balisok, 520 U.S. 641, 644 (1997). Thus, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)-if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Id. at 81-82.

However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's calculation of time to be served." Nettles v. Grounds, 830 F.3d 922, 928-29 (9th Cir. 2016) (en banc) (citing Muhammad, 540 U.S. at 754-55. "If the invalidity of the disciplinary proceedings, and therefore the restoration of good-time credits, would not necessarily affect the length of time to be served, then the claim falls outside the core of habeas and may be brought in § 1983." Nettles, 830 F.3d at 929; see also Pratt v. Hedrick, No. C 13-4557 SI (pr), 2015 WL 3880383, at *3 (N.D. Cal. June 23, 2015) (section 1983 challenge to disciplinary conviction not Heck-barred where "the removal of the rule violation report or the restoration of time credits" would not necessarily result in a speedier release for inmate with indeterminate life sentence and no parole date).

In this case, Plaintiff is serving a sentence of 15 year sentence and lost 360 days of good-time credit as a result of the rules violation for possession of a deadly weapon. Defendants argue that

Edwards is on point. In Edwards, the plaintiff alleged that his due process rights were violated because the hearing officer did not allow him to call witnesses with exculpatory evidence, and was biased and lied about the exculpatory witnesses. Edwards, 520 U.S. at 646-47. The Court held the due process claim was barred by Heck because, if established, it would necessarily imply the invalidity of the proceedings and forfeiture of time credits against him. The Court agrees. Plaintiff's due process claims against Defendants Marsh and Weatherford, if proven, would necessarily imply the invalidity of his disciplinary rules violation. Therefore, Plaintiff's claims are barred by the holdings in Heck and Edwards, regardless of the relief sought.

In his opposition, Plaintiff argues that the Supreme Court's holding in Wilkinson applies here. In Wilkinson v. Dotson, the Court addressed the relationship between section 1983 and habeas corpus claims. Wilkinson involved a challenge to the state's practice of applying new parole procedures retroactively. The Supreme Court held that an inmate may raise a section 1983 challenge to seek invalidation of "state procedures used to deny parole eligibility…and parole suitability, but he/she may not seek "an injunction ordering his immediate or speedier release into the community." Wilkinson, 544 U.S. at 82. There, the Court noted an inmate may seek as a remedy "consideration of a new parole application" or "a new parole hearing," which may or may not result in a grant of parole. Id. The Court reiterated that the determination under Heck is whether success on a claim would necessarily imply the invalidity of the conviction or the punishment imposed. Id. at 80-81.

The instant action does not involve the parole board procedures and related due process rights. Rather, the instant action involves a disciplinary conviction which resulted in the loss of good-time credits. Plaintiff's claim of a bias decision maker, if proven, would necessarily imply the invalidity of his conviction and is, therefore, not cognizable section 1983 absence proof of success in overturning the rules violation by way of habeas corpus relief. Thus, nothing in Wilkinson holds otherwise.

Plaintiff also argues that the decision in Peralta v. Vasquez, 467 F.3d 98 (2d Cir. 2006), should control and Plaintiff should be allowed to amend the complaint to delete his claims for injunctive relief for expungement of the disciplinary conviction and restoration of the good-time credits. (Opp'n at 2-3, ECF No. 57; Pl's Mtn. Amend at 1-2, ECF No. 32.) In Peralta, the Second Circuit Court of Appeals held that if a prisoner forfeits any challenge to the length of his confinement, the prisoner may seek

relief for damages by way of section 1983 for the conditions of confinement claim. There, the inmate challenged the procedures during his disciplinary hearing in which he was found guilty of cutting another inmate with a "razor-type weapon." As a result of the conviction, Peralta lost good-credits and was placed in a special housing unit, among other things. The Second Circuit held that if mixed sanctions are imposed which affect both the duration as well as conditions of confinement, the inmate may proceed by way of section 1983 if he forfeits all claims related to the sanctions that affect the duration of confinement. The Second Circuit opined as follows:

> We conclude from all this that the purpose of the Heck favorable termination requirement is to prevent prisoners from using § 1983 to vitiate collaterally a judicial or administrative decision that affected the overall length of their confinement, and that punishments related to their term of imprisonment, or the procedures that led to them (if the procedural defect at issue was critical to the imposition of the punishment), must be attacked through a habeas petition. But the favorable termination requirement is *not* intended to compel a prisoner to demonstrate that a sanction he seeks to challenge, or the procedure that led to it, has been invalidated before he can proceed under § 1983 when that sanction does not affect his term of confinement. As the Muhammad Court explained, "Heck's requirement to resort to state litigation and federal habeas before § 1983 is not … implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence. There is no need to preserve the habeas exhaustion rule and no impediment under Heck in such a case…." Muhammad, 540 U.S. at 751-52, 124 S.Ct. 1303.

Peralta, 467 F.3d at 104. The Court concluded that because Peralta sought damages for the sanctions imposed on him which affected only the conditions of his confinement, his section 1983 challenge could proceed if he abandons any further challenge to the duration of his sentence.

The Seventh Circuit Court of Appeals declined to adopt the Peralta Court's reasoning in Haywood v. Hathaway, 842 F.3d 1026, 1029 (7th Cir. 2016). In Haywood, the Seventh Circuit Court of Appeals concluded that

> Nothing in Heck, Edwards, or any of the Court's later decisions suggests that the "favorable termination" element that the Court thought essential can be elided by a plaintiff's disavowing a kind of relief that Preiser holds is never available under § 1983 in the first place. The approach taken in Peralta is incompatible with Heck and its successors; Peralta is functionally what would happen if the whole sequence were overturned and only Preiser left standing.

Haywood, 824 F.3d at 1029-30.[2]

---

[2] The Court noted that no other circuit has adopted the Peralta holding. Haywood, 824 F.2d at 1029.

9

The Court finds the reasoning in Haywood persuasive and adopts the analysis set forth in Haywood that Peralta is not controlling authority on the issue. The controlling opinions of Heck and Edwards, and its progeny, clearly establish that a prisoner may not present a section 1983 challenge that would necessarily imply the invalidity of the disciplinary violation, and there has been no exception to the rule carved out by the United States Supreme Court to allow a prisoner to forfeit a challenge to the duration of his imprisonment to proceed for damages under section 1983 on the related challenge to the conditions of confinement. Indeed, the Peralta decision implicitly undermines the reasoning of Heck and Edwards. Therefore, Defendants Marsh and Weatherford's motions to dismiss should be granted as the due process claims against them are barred by Heck, and Plaintiff's motion to amend the complaint should be denied as moot. Because the Court finds that Defendant Weatherford's motion to dismiss should be granted, the Court need not reach his argument regarding dismissal based on qualified immunity.

### III.

### RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants Marsh and Weatherford's motions to dismiss be granted;

2. The due process claims against Defendants Marsh and Weatherford be dismissed, without prejudice[3]; and

3. Plaintiff's motion to amend the complaint be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

---

[3] See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (a civil rights complaint seeking habeas relief should be dismissed without prejudice to filing as a petition for writ of habeas corpus).

may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 5, 2017**

UNITED STATES MAGISTRATE JUDGE