# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALICIA,<br><br>    Plaintiff,<br><br>v.<br><br>T. MARSH, et al.,<br><br>    Defendants. | Case No.: 1:16-cv-00011-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST THE ADMINISTRATIVE REMEDIES<br><br>[ECF No. 40] |

Plaintiff Jose Galicia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants M. Jennings and A. Guzman's motion for summary judgment for failure to exhaust the administrative remedies, filed November 21, 2016.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendants Guzman, Marsh, Weatherford, and Jennings for due process violations in connection with a rules violation report and hearing for possession of a deadly weapon.[1]

---

[1] Defendants Marsh, Guzman and Jennings are represented by Deputy Attorney General Sean Lodholz, and Defendant Weatherford is represented by Kristina Doan Gruenberg.

1

Defendants Marsh and Weatherford each filed separate motions to dismiss. (ECF Nos. 28, 31.) On May 8, 2017, the undersigned issued Findings and Recommendations recommending that both motions to dismiss be granted. (ECF No. 59.)

As previously stated, on November 21, 2016, Defendants Jennings and Guzman filed a motion for summary judgment based on Plaintiff's failure to exhaust the administrative remedies as to his claims against them.

On December 15, 2016, Plaintiff was granted an extension of time to file his opposition.

On January 26, 2017, Plaintiff filed a declaration in opposition to Defendants' motion and a request to stay ruling on the summary judgment motion.

On February 28, 2017, the Court granted Plaintiff's request to stay ruling on the summary judgment, and permitted Plaintiff to serve limited discovery requests within twenty-one days of the date of service of the order, i.e. March 21, 2017. (ECF No. 53.) The Court also ordered that: (1) Defendants respond to Plaintiff's discovery requests within thirty days of service of the Court's order; (2) Plaintiff file his opposition within thirty days of receiving responses to discovery; and (3) Defendants file their reply within fourteen days of service of the opposition. (Id.)

On April 24, 2017, defense counsel submitted a declaration indicating that Plaintiff never served any discovery requests on Defendants and therefore limited discovery closed on March 21, 2017. (ECF No. 58.) Although the Court's order did not directly indicate the due date of Plaintiff's opposition in the event that Plaintiff failed to propound discovery, pursuant to the Court's order Plaintiff's opposition should have been filed within thirty days of the close of discovery on April 20, 2017. No opposition was filed by Plaintiff, and therefore on May 19, 2017, the Court issued an order deeming Defendants' motion for summary judgment filed on November 21, 2016, submitted for review without oral argument pursuant to Local Rule 230(l). (ECF No. 60.)

///
///
///
///
///

# II.

# LEGAL STANDARD

### A.     Statutory Exhaustion Requirement

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Albino, 747 F.3d at 1166. "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

### B.     Summary Judgment Standard

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Albino, 747 F.3d at 1166; Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position,

whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, although it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, Albino, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," id. at 1172. If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. "If the undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Id. at 1166. However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." Id.

### III.

### DISCUSSION

#### A.   Description of CDCR's Administrative Remedy Process

Plaintiff is a state prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), and CDCR has an administrative remedy process for inmate grievances. Cal. Code Regs. tit. 15, § 3084.1 (2014). Compliance with section 1997e(a) is mandatory and state prisoners are required to exhaust CDCR's administrative remedy process prior to filing suit in federal court. Woodford v. Ngo, 548 U.S. 81, 85-86 (2006); Sapp v. Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010). CDCR's administrative grievance process for non-medical appeals consists of three levels of review: (1) first level formal written appeals; (2) second level appeal to the Warden or designees; and (3) third level appeal to the Office of Appeals (OOA). Inmates are required to submit appeals on a

standardized form (CDCR Form 602), attach necessary supporting documentation, and submit the appeal within thirty days of the disputed event. Cal. Code Regs. tit. 15, §§ 3084.2, 3084.3(a), 3084.8(b). The California Code of Regulations also requires the following:

> The inmate or parolee shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3).

**B.    Summary of Allegations Underlying Plaintiff's Constitutional Claims**

On March 15, 2013, Plaintiff was transferred to Corcoran State Prison and placed in administrative segregation pending release to facility 3A.

On March 20, 2013, Plaintiff arrived in facility 3A, housing unit 2 and was assigned to cell 212. Plaintiff was never asked to sign a document acknowledging that cell 212 was searched prior to Plaintiff's assignment as mandated by California Department of Corrections and Rehabilitation (CDCR) guidelines.

On March 27, 2013, Plaintiff appeared before the classification committee which chose to release Plaintiff to Facility 3A general population.

On April 2, 2013, a mass search of facility 3A, housing unit 2 was conducted. During this search a weapon was discovered in a cavity behind the door handle of Plaintiff's cell door. The door handle on the interior of Plaintiff's cell door is secured by specialized screws designed to only unscrew with the use of a specialized tool. No tool that could be used to remove the door handle was ever found in Plaintiff's cell or personal property.

On April 2, 2013, Plaintiff was placed in administrative segregation and charged with possession of a deadly weapon.

On April 10, 2013, Plaintiff was given ten minutes to view photographs of the alleged weapon. Plaintiff contends that ten minutes was not enough time to formulate an adequate defense, based on the photographs.

On July 18, 2013, correctional officer Guzman was assigned to serve as Plaintiff's investigative employee. Plaintiff forwarded a list of questions for four witnesses. Plaintiff did not know the name of the fourth witness but provided his job title as "R & R Sergeant."

On July 20, 2013, another inmate pled guilty to possession of the same weapon that Plaintiff was charged to have possessed.

On July 20, 2013, Lieutenant Weatherford was the senior hearing officer who conducted the disciplinary hearing of the inmate who pled guilty to possession of the weapon. During the disciplinary hearing of the other inmate, Weatherford received exculpatory testimony exonerating Plaintiff of the charge. Defendant Weatherford refused to record the statement and told inmate (John Doe) to mind his own business.

On July 23, 2013, Defendant Guzman gave Plaintiff a copy of the interviews he conducted on three staff members, but refused to provide an explanation on why the fourth witness was not questioned. Plaintiff asserts that the fourth witness could have explained that upon Plaintiff's arrival on 3A yard his personal property was x-rayed just a few days prior to the search.

On July 25, 2013, Plaintiff appeared before senior hearing officer (SHO) T. Marsh. SHO Marsh was aware that someone else had already pled guilty to the same charge. Plaintiff was a little concerned that Marsh was conducting his disciplinary hearing since he reviewed a grievance that Plaintiff had previously filed.

Defendant Marsh seemed to have his mind made up prior to Plaintiff's hearing for he simply asked for a statement. When Plaintiff noticed that he was not recording the statement, Defendant Marsh told Plaintiff there was no need. Plaintiff asked why Marsh had not reviewed the interviews of the three staff members, and he said it would not make a difference because he knew the weapon belonged to Plaintiff who was a south sider and in need of a knife on the yard.

On August 10, 2013, Plaintiff received a written disposition signed by T. Marsh finding Plaintiff guilty as charged. Based on the staff reports, Plaintiff was sentenced to a fifteen month term in the security housing unit and accessed 360 days of forfeiture of credit.

///
///

Defendant Jennings was the Chief Disciplinary Officer (CDO) who oversaw the disciplinary hearings of both inmates, John Doe and Plaintiff. Jennings duties as the CDO consist of making sure disciplinary hearings conform with constitutional safeguards and take corrective action if necessary.

Plaintiff contends that the excessive typos and mistakes in the incident and disciplinary reports complicated his appeals process.

Plaintiff seeks an injunction ordering that the disciplinary conviction be expunged and to restore the 360 days of forfeited credit; compensatory damages for the property that was confiscated; punitive damages in an amount determined by the Court; and any other relief Plaintiff may be entitled.

### C. Defendants' Statement of Undisputed Facts[2]

1. Plaintiff filed an administrative appeal with supporting documents regarding an April 2, 2013, Rules Violation Report, Log No. 3A-13-04-008. (Appeal No. CSPC-7-13-06372, Ex. B to Decl. of D. Goree.)

2. Plaintiff's appeal and attachments were received on August 27, 2013, and bypassed the first level of review. (Appeal No. CSPC-7-13-06372, CDCR 602, section C, Ex. B to Decl. of D. Goree; Decl. of D. Goree at ¶ 8.)

3. In his appeal, Plaintiff claimed as follows: On March 29, 2013, his housing unit was placed on lockdown due to an incident on the yard and, as a result, the housing unit was searched on April 2, 2013. During the search, a weapon was found concealed in a cavity behind Plaintiff's cell door handle. Plaintiff received a Rules Violation Report, and during his disciplinary hearing, Lieutenant Marsh, the Senior Hearing Officer, violated due process because he did not consider the fact that Plaintiff's fingerprints were not on the weapon, and no tool was found that could remove the door handle to access the weapon. Lieutenant Marsh was biased against Plaintiff and had made up his mind before the hearing, depriving Plaintiff of due process. After the hearing, Plaintiff was found

---

[2] Plaintiff neither filed his own separate statement of disputed facts nor admitted or denied the facts set forth by defendant as undisputed. Local Rule 56-260(b). Therefore, Defendants' statement of undisputed facts is accepted except where brought into dispute by Plaintiff's verified complaint. Jones v. Blanas, 393 F.3d 918, 923 (9th Cir. 2004); Johnson v. Meltzer, 134 F.3d 1393, 1399-1400 (9th Cir. 1998).

7

guilty of possession of a deadly weapon. (Appeal No. CSPC-7-13-06372, CDCR 602, section A, Ex. B to Decl. of D. Goree.)

4. On October 1, 2013, Plaintiff's appeal was denied at the second level. (Appeal No. CSPC-7-13-06372, CDCR 602, section E, Ex. B to Decl. of D. Goree.)

5. Plaintiff responded to the denial of his appeal at the second level, claiming that the second level did not adequately address the "issue at hand," namely that he could not have had time to acquire a weapon, that the cell may not have been searched before the occupied it, and that "Marsh [didn't] even consider my words and told me I was guilty and if I wasn't happy to 602 it." (Appeal No. 1305046, CDCR 602, section F, Ex. B. to Decl. of M. Voong.)

6. On January 10, 2014, Plaintiff's appeal was denied at the third level. (Appeal No. 1305046, CDCR 602, section G, Ex. B. to Decl. of M. Voong.)

7. The third level review found that Plaintiff's conviction was appropriate and that he had been afforded all the required due process protections. (Appeal No. 1305046, Ex. B to Decl. of M. Voong.)

8. Plaintiff has filed no other appeals in connection with the April 2, 2013, Rules Violation Report (Log #3A-13-04-008). (Ex. A to Decl. of D. Goree; Decl. of D. Goree ¶¶ 6-18; Exs C-I to Decl. of D. Goree; Ex. A to Decl. of M. Voong; Decl. of M. Voong ¶¶ 8-12; Ex. C to Decl. of M. Voong.)

9. In his complaint, Plaintiff alleges that Defendant Guzman was assigned to serve as his investigative employee. (ECF No. 9, at ¶ 12.)

10. Plaintiff alleges he provided Guzman a list of questions for four witnesses, but that Guzman only interviewed three of them and provided no explanation as to why the fourth witness was not questioned. (ECF No. 9, at ¶¶ 13, 21.)

11. Plaintiff further claims in the complaint that Defendant Jennings was the Chief Disciplinary Officer who oversaw his disciplinary hearing and a second hearing involving an unnamed inmate, "John Doe." (ECF No. 9, at ¶ 27.)

12. According to Plaintiff, John Doe pled guilty to possession of the weapon found in Plaintiff's cell and confessed that Plaintiff had no knowledge of the weapon. (ECF No. 9, at ¶¶ 15-17.)

13. Plaintiff asserts that a thorough review of John Doe and Plaintiff's disciplinary reports and Plaintiff's appeal would have proved his innocence. (ECF No. 9, at ¶ 30.)

14. It is Plaintiff's contention that Jennings was negligent in conducting his duties as the Chief Disciplinary Officer, failing to perform a thorough review of the disciplinary reports and failing to properly train T. Marsh. (ECF No. 9, at ¶ 31.)

### D. Findings on Defendants' Motion

Defendants argue that Plaintiff did not timely and properly exhaust his administrative remedies with respect to the claims against them because he did not mention them, and did not complain about any action or inaction by them, in his inmate appeal, Log No. CSPC-7-13-6372.

In his verified complaint (treated as an opposing affidavit), Plaintiff contends the following:

> Plaintiff filed an administrative appeal concerning the circumstances described in this complaint. However due to the limited space to write on the grievance form C.D.C.R. 602, Plaintiff was forced to focus on the issues that he believed carried the most weight, [r]ather than on all the facts pertinent to this complaint. All administrative remedies have been exhausted with the following outcomes at each level.
>
> A. The Second Level of Review held that the Senior Hearing Officer appropriately assessed the evidence as presented at the disciplinary hearing, and determined that the finding of guilt was just.
>
> B. The Third Level of Review denied Plaintiff's appeal due to [pe]rsuasive arguments that the appellant failed to support his appeal with sufficient evidence or facts to warrant a modification.

(ECF No. 9, at ¶ 11.)

In the initial grievance submitted on August 22, 2013, bypassed at the first level of review and submitted to the second level of review, Plaintiff stated the following:

> I arrived in 3A02212 on 3/20/13. Thereafter I was cleared by committee to go to yard on 3/27/13. On 3/29/13 3A yard was placed on lockdown due to an incident that occurred in the afternoon yard. As a result of this incident my housing unit was searched on 4/02/13. At no time did I intend to own or posses[s] a weapon. I had planned to program on 3A and complete my college classes. Thus I've invested a lot in my education. However on 4/02/13 a weapon

9

was found concealed in a cavity behind the door handle of my cell. Thus I was placed in A.S.U. and on 7/25/13 I was subsequently found guilty of possession of a deadly weapon, despite the lack of evidence linking that weapon to me, i.e. no fingerprints on the weapon in question. Notwithstanding the fact that a tool that could be utilized to remove the door handle was never found in my cell/property. For all I know that weapon could have been there for months if not years. In accordance with D.O.M. § 52051 relevant evidence is evidence that can be associated to a definite suspect. That is not the case in the matter at hand. During my 115 hearing, Lt. T. Marsh (SHO) did not even consider my defensive argument, and based on his bias statements during my 115 hearing. I believe he had found me guilty before my hearing had begun. I feel his inability to be impartial rendered my hearing unfair and did not meet the due process balancing test under the preponderance of evidence standard of proof. Thus the evidence does not suffice to prove guilt.

(Decl. of D. Goree, Ex. B.)

The second level appeal response stated the following:

You received RVR, Log #3A-13-04-008 dated 04/02/2013, for violation of CCR Title 15, section 3006(a), for the specific act of "Possession of a Deadly Weapon[.]" This charge was classified as a Division "A1" offense. The discovery date of the RVR was 04/02/2013. You received your copy on 04/10/2013, within 15 days of the date of discovery.

You appeared before the SHO for your disciplinary hearing on 07/25/2013. You received or were shown all documents to be considered as evidence at least 24 hours prior to your hearing. The SHO noted at the time of the hearing you were not a participant of the Mental Health Services Delivery System (MHSDS). The SHO noted that you do not meet the criteria for assignment of a Staff Assistant (SA) per CCR, Title 15, Section 3315(d)(2). The SHO documented that you do meet the criteria for assignment of an Investigative Employee (I.E.) per CCR, Title 15, section 3315(d)(1).

There was no videotape recording of this incident. Confidential information was not used in the adjudication of the RVR. The SHO documented you read the charges and acknowledged that you understood the charge filed against you. You entered a plea of not guilty and stated, "I wasn't here a week in that cell. I just got my property and it was searched by the property officer." The SHO found you guilty of "Possession of a Deadly Weapon," a Division "A1" offense based upon the preponderance of evidence. The preponderance of evidence consisted of the reporting employee's written report authored by C/O J. Poternitz which indicates while performing his duties as the 3A Yard Officer #1, he discovered a flat piece of metal sharpened to a point hanging from a string inside the door handle of your cell. On 08/08/2013, the Chief Disciplinary Officer confirmed the finding of guilt and the disposition of the Serious Rules Violation Report (RVR).

You contend the RVR should be dismissed as there is no evidence linking you to the weapon which was discovered on 04/02/2013. You contend the SHO failed to consider your testimony. You contend the SHO had a pre-determination of your guilt prior to the hearing making him impartial and rendering your hearing unfair.

> A review of the RVR indicates on 04/02/2013 during mass cell searches, an inmate manufactured weapon was found concealed within the inside of your cell door handle. You contentions, [sic] there was no evidence linking you to the weapon is without merit as you had constructive possession of the items pursuant to Title 15, CCR, Section 3000 which states in part, "Constructive Possession exists where a person has knowledge of an object and control of the object or the right to control the object, even if the person has no physical contact with it." Therefore, your appeal is denied at the Second Level of Review.

(Decl. of D. Goree, Ex. B.)

Plaintiff appealed to the third level of review stating:

> I contend that the 2nd level failed to accurately address the issue at hand. The issue brought forward in this appeal asserts that my presence in 3A yard for a week could not possibly be enough time to acquire a weapon. Furthermore in accordance with the DOM all cells are to be searched prior to assignment, and as C/O [Poternitz] conceded that his reason for searching behind the door handle was because it was a common place inmates hide contraband. So the[re] is no reason why the door handle was not search prior to my assignment of that cell. Furthermore in my attempt to present my defensive argument S.H.O. Marsh didn't even consider my words and told me I was guilty and if I wasn't happy to 602 it.

(Decl. of M. Voong, Ex. B.)

The appeal was denied at the third level of review as follows:

> The documentation and arguments are persuasive that appellant has failed to support his appeal issues with sufficient evidence or facts to warrant a modification of the SLR. The Third Level of Review (TLR) thoroughly reviewed all documents relative to the appellant's RVR and finds that the SHO appropriately found the appellant guilty. The TLR notes that the SHO thoroughly articulated the evidence and the weight that was given said evidence. The TLR finds that the appellant was afforded all the required due process protections and that time constraints were complied with. The TLR notes the appellant's argument that he was unaware of the presence of the weapon; however, the RE thoroughly articulated that the weapon was discovered in the appellant's cell. The appellant was afforded the necessary administrative protections throughout the hearing process, and the findings and disposition are appropriate based upon the evidence. Therefore no relief is provided at the TLR.

(Id.)

The Ninth Circuit has recently held that "a prisoner exhausts such administrative remedies as are available … under the PLRA despite failing to comply with a procedural rule if prison officials ignore the procedural problem and render a decision on the merits of the grievance at each available step of the administrative process." Reyes v. Smith, 810 F.3d 654, 658 (9th Cir. 2016). Thus, a prisoner's failure to list all staff members involved in an incident in his inmate grievance, or to fully describe the involvement of staff members in the incident, will not necessarily preclude exhaustion of

the administrative remedies. Id. In Reyes, the Court found that even though the grievance failed to name two physicians of the three-member pain committee, prison officials were placed on notice of the nature of the alleged wrongdoing by the pain committee and the grievance exhausted the claims as the two physicians later named in the lawsuit.

However, in order for the administrative remedies to be exhausted as to an individual not specifically named in a grievance, there must be some nexus between the claim in the appeal and the unidentified defendants such that prison officials can be said to have had "notice of the alleged deprivation" and an "opportunity to resolve it." See Reyes, 810 F.3d at 659; see also McClure v. Chen, No. 1:14-cv-00932-DAD-GSA-PC, 2017 WL 1148135, at *3 (E.D. Cal. Mar. 28, 2017).

As evidenced by the second level response, there is a sufficient connection between the alleged improper finding of guilt by Marsh and subsequent review of such finding by Chief Disciplinary Officer M. Jennings, to provide sufficient notice of a potential claim and violation by M. Jennings. Indeed, at the second level of review, in finding no due process violation it was specifically noted "[o]n 08/08/2013, the Chief Disciplinary Officer confirmed the finding of guilt and the disposition of the Serious Rules Violation Report (RVR)." Although Defendant M. Jennings was not specifically named in the grievance, based on the factual allegations set forth in Plaintiff's grievance and the response thereto, there is a sufficient connection to find the prison was on notice of the alleged wrongdoing by M. Jennings. Accordingly, the Court finds that Plaintiff has exhausted his claim against M. Jennings.

However, the Court finds that Plaintiff has not exhausted his claim as to Defendant A. Guzman. There is not a sufficient connection between the due process claim presented in the appeal and any alleged wrongdoing by the investigative employee, Defendant A. Guzman. Nothing in this grievance provides a reasonable inference that there was any misconduct on the part of the investigative employee, Defendant A. Guzman. Rather, the grievance focused on the lack of evidence supporting the finding of guilt based on actions by Marsh and the subsequent review by M. Jennings. There are no factual allegations providing notice or a reasonable inference that any finding of guilt was based on the lack of the investigative employee failing to interview or provide a report for a fourth witness. Indeed, the rules violation report states that "[o]n 07-18-13, Correctional Officer A. Guzman

was assigned as the Investigative Employee and the subject did not make any objections to this assignment. The subject was issued a copy of the IE Report on 07-23-13, at least 24 hours prior to this hearing." (Decl. of D. Goree, Ex. B.) The rules violation report further reflected the comments by investigative employee, Guzman, which stated that he interviewed Plaintiff "and informed him of his right to request witnesses, both staff and inmates; to be at the hearing and of his right to provide questions for the witnesses. The subject provided questions for three staff members, which were asked and answered. There were no witnesses to be interviewed and I concluded my investigative duties." (Id.) It was further noted that Plaintiff denied the charges stating, "I wasn't' here a week in that cell. I had just got my property and it was searched by the property officer." (Id.) Thus, there is not a sufficient connection between the factual allegations set forth in the grievance and/or the supporting documentation as to any alleged misconduct by unidentified Defendant A. Guzman such that prison officials were on notice of the alleged wrongdoing. Accordingly, the Court finds that Plaintiff failed to exhaust his claim as to Defendant A. Guzman.

## III.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendants Jennings and Guzman's motion for summary judgment for failure to exhaust the administrative remedies be denied as to Jennings and granted as to Guzman; and

2. The claim against Defendant Guzman be dismissed, without prejudice, for failure to exhaust the administrative remedies.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

13

may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**June 7, 2017**__

UNITED STATES MAGISTRATE JUDGE