| | |
|---|---|
| JOSE GALICIA, | Case No.: 1:16-cv-00011-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| JENNINGS, | |
| Defendant. | [ECF Nos. 9, 12] |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

Plaintiff Jose Galicia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Plaintiff consented to United States Magistrate Judge jurisdiction on January 25, 2016. (ECF No. 6.) Defendants declined United State Magistrate Judge jurisdiction on August 30, 2016. (ECF No. 20.)

On May 25, 2016, the Court found that Plaintiff's first amended complaint stated a cognizable claim against Defendants A. Guzman, T. Marsh, K. Weatherford, and M. Jennings for a due process violation. (ECF No. 12.) The Court dismissed all other claims and Defendants for failure to state a cognizable claim. (Id.) The Court indicated that jurisdiction existed under 28 U.S.C. § 636(c) based on the fact that Plaintiff had consented to Magistrate Judge jurisdiction and no other parties had yet appeared. (Id.)

1

On November 9, 2017, the Ninth Circuit Court of Appeals ruled that 28 U.S.C. § 636(c)(1) requires the consent of all named plaintiffs and defendants, even those not served with process, before jurisdiction may vest in a Magistrate Judge to dispose of a civil case. Williams v. King, __ F.3d __, Case No. 15-15259, 2017 WL 5180205, *3 (9th Cir. Nov. 9, 2017). Accordingly, the Court did not have jurisdiction to dismiss the claims and Defendants in its May 25, 2016 order.

Based upon the foregoing, the undersigned will now recommend to the District Judge that this case continue to proceed on Plaintiff's cognizable claims, and that the claims and Defendants described below be dismissed, for the reasons explained herein.

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer

possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

Plaintiff names T. Marsh, T. Perez, A. Guzman, M. Jennings, K. Weatherford, and B. Weaver as Defendants in this action.

On March 15, 2013, Plaintiff was transferred to Corcoran State Prison and placed in administrative segregation pending release to facility 3A.

On March 20, 2013, Plaintiff arrived in facility 3A02 and was assigned to cell 212. Plaintiff was never asked to sign a document acknowledging that cell 212 was searched prior to Plaintiff's assignment as mandated by California Department of Corrections and Rehabilitation (CDCR) guidelines.

On March 27, 2013, Plaintiff appeared before the classification committee which chose to release Plaintiff to Facility 3A general population.

On April 2, 2013, a mass search of facility 3A02 was conducted. During this search a weapon was discovered in a cavity behind the door handle of Plaintiff's cell door. The door handle on the interior of Plaintiff's cell door is secured by specialized screws designed to only unscrew with the use of a specialized tool. No tool that could be used to remove the door handle was ever found in Plaintiff's cell or personal property.

On April 2, 2013, Plaintiff was placed in administrative segregation and charged with possession of a deadly weapon.

On April 10, 2013, Plaintiff was given ten minutes to view photographs of the alleged weapon. Plaintiff contends that ten minutes was not enough time to formulate an adequate defense, based on the photographs.

On July 18, 2013, correctional officer Guzman was assigned to serve as Plaintiff's investigative employee. Plaintiff forwarded a list of questions for four witnesses. Plaintiff did not know the name of the fourth witness but provided his job title as "R & R Sergeant."

3

On July 20, 2013, another inmate (identified only as John Doe) pled guilty to possession of the same weapon that Plaintiff was charged to have possessed.

On July 20, 2013, lieutenant Weatherford was the senior hearing officer who conducted the disciplinary hearing of the inmate who pled guilty to possession of the weapon. During the disciplinary hearing of the other inmate, Weatherford received exculpatory testimony clearing Plaintiff of the charge. Defendant Weatherford refused to record the statement and told inmate (John Doe) to mind his own business.

On July 23, 2013, Defendant Guzman gave Plaintiff a copy of the interviews he conducted on three staff members, but refused to provide an explanation on why the fourth witness was not questioned. Plaintiff asserts that the fourth witness could have explained that upon Plaintiff's arrival on 3A yard his personal property was x-rayed just a few days prior to the search.

On July 25, 2013, Plaintiff appeared before senior hearing officer (SHO) T. Marsh. SHO Marsh was aware that someone else had already pled guilty to the same charge. Plaintiff was a little concerned that Marsh was conducting his disciplinary hearing since he reviewed a grievance that Plaintiff had previously filed.

Defendant Marsh seemed to have his mind made up prior to Plaintiff's hearing for he simply asked for a statement. When Plaintiff noticed that he was recording the statement, Defendant Marsh told Plaintiff there was no need. Plaintiff asked why Marsh had not reviewed the interviews of the three staff members, and he said it would not make a difference because he knew the weapon belonged to Plaintiff who was a south sider and in need of a knife on the yard.

On August 10, 2013, Plaintiff received a written disposition signed by T. Marsh finding Plaintiff guilty as charged. Based on the staff reports, Plaintiff was sentenced to a fifteen month term in the security housing unit and accessed 360 days of forfeiture of credit.

Defendant Jennings was the Chief Disciplinary Officer (CDO) who oversaw the disciplinary hearings of both inmates, John Doe and Plaintiff. Jennings duties as the CDO consist of making sure disciplinary hearings conform with constitutional safeguards and take corrective action is necessary.

Plaintiff contends that the excessive typos and mistakes in the incident and disciplinary reports complicated his appeals process.

1  Defendant T. Perez denied Plaintiff's appeal.

Plaintiff seeks an injunction ordering Defendant T. Perez to expunge the disciplinary conviction and restore the 360 days of forfeited credit; compensatory damages for the property that was confiscated; punitive damages in an amount determined by the Court; and any other relief Plaintiff may be entitled.

## III.
## DISCUSSION

### A. Due Process Violations

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

Viewing Plaintiff's allegations liberally as this Court must, Plaintiff states a cognizable procedural due process violation against Defendants A. Guzman, T. Marsh, K. Weatherford, and M. Jennings. However, Plaintiff fails to set forth a sufficient factual basis to support a due process

violation against Defendant Weaver. The fact that Weaver was present on a classification program review committee for which the other inmate informed that Plaintiff was innocent, alone, does not give rise to a due process violation. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Weaver.

### B. Inmate Appeal Process

"The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). Plaintiff does not a have protected liberty interest in the processing his appeals, and therefore, he cannot pursue a claim for denial of due process with respect to the handling or resolution of his appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)).

Plaintiff may not seek liability against Defendant T. Perez simply because he denied his inmate appeal. Accordingly, Plaintiff fails to state a cognizable claim against Defendant T. Perez.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. For screening purposes only, this action proceed against Defendants A. Guzman, T. Marsh, K. Weatherford, and M. Jennings for a procedural due process violation; and

2. All other claims and Defendants be dismissed from the action for failure to state a cognizable claim for relief.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

///

///

///

may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 29, 2017**

_____
UNITED STATES MAGISTRATE JUDGE