# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALICIA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>JENNINGS,<br><br>　　　　　　Defendant. | Case No. 1:16-cv-00011-DAD-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>[ECF No. 71] |

Plaintiff Jose Galicia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion to compel, filed January 3, 2018.

## I.

## RELEVANT HISTORY

This action is proceeding against Defendants Guzman, Marsh, Weatherford, and Jennings for due process violations in connection with a rules violation report and hearing for possession of a deadly weapon.[1]

On August 22, 2016, Defendants A. Guzman and J. Jennings filed an answer to the complaint. On August 23, 2016, the Court issued the discovery and scheduling order.

---

[1] Defendants Marsh, Guzman and Jennings are represented by Deputy Attorney General Sean Lodholz, and Defendant Weatherford is represented by Kristina Doan Gruenberg.

1

| | |
|---|---|
| 1 | On August 17, 2017, the Court granted Defendant Marsh and Weatherford's motions to |
| 2 | dismiss the due process claims against them, and denied Plaintiff's motion for leave to amend the |
| 3 | complaint as moot. (ECF No. 62.) |
| 4 | On August 18, 2017, the Court granted in part and denied in part Defendant Jennings and |
| 5 | Guzman's exhaustion-related motion for summary judgment. (ECF No. 63.) Plaintiff's claim against |
| 6 | Defendant Guzman was dismissed, without prejudice for failure to exhaust the administrative |
| 7 | remedies. (Id.) |
| 8 | As previously stated, on December 26, 2017, Defendant filed a motion to compel discovery. |
| 9 | (ECF No. 71.) Defendant Jennings filed an opposition on January 3, 2018. (ECF No. 72.) Plaintiff |
| 10 | did not file a reply and the time to do so has expired. Therefore, Plaintiff's motion to compel is |
| 11 | deemed submitted for review. Local Rule 230(l). |

## II.

## DISCUSSION

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 18, Discovery and Scheduling Order, ¶4. Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur. See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v.

Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No. CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply. The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4. However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits. Hunt v. County of Orange, 672 F.3d

606, 616 (9th Cir. 2012); <u>Surfvivor Media, Inc. v. Survivor Productions</u>, 406 F.3d 625, 635 (9th Cir. 2005); <u>Hallett v. Morgan</u>, 296 F.3d 732, 751 (9th Cir. 2002).

Plaintiff contends that he served his discovery requests on November 2, 2017, and Defendant failed to respond within thirty days thereafter. (ECF No. 71.)

Defendant submits and the evidence supports that Plaintiff served his discovery on November 10, 2017. (<u>Id.</u> at p. 21; Decl. of Lodholz, Ex. A; <u>see also</u> Pl.'s Mtn. Ex. A; ECF No. 71.) Defendant correctly points out that pursuant to the Court's discovery and scheduling order, Defendant had forty-five days after service of the discovery request to respond. (ECF No. 18.) Defendant's responses were, therefore, due on or before December 25, 2017. (<u>Id.</u>) Defendant submits that the responses to Plaintiff's discovery requests were served on December 19, 2017. (Decl. of Lodholz, Ex. B.) Accordingly, because Defendant timely responded to Plaintiff's discovery requests, Plaintiff's motion to compel must be DENIED.

IT IS SO ORDERED.

Dated: **January 16, 2018**

UNITED STATES MAGISTRATE JUDGE

4