# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE GALICIA,<br><br>   Plaintiff,<br><br> v.<br><br>JENNINGS,<br><br>   Defendant. | Case No. 1:16-cv-00011-DAD-SAB (PC)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO THE COURT'S JANUARY 16, 2018, ORDER DENYING HIS MOTION TO COMPEL<br><br>[ECF Nos. 75, 70] |

  Plaintiff Jose Galicia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

  This action is proceed against Defendant Jennings for due process violations in connection with a rules violation report and hearing for possession of a deadly weapon

  On January 19, 2018, Plaintiff filed an untimely reply to Defendant's opposition to his prior motion to compel, raising new issues pertaining to Defendant's responses to Plaintiff's request for production of documents. (ECF No. 75.)

  On January 23, 2018, the Court directed Defendant to respond to Plaintiff's reply within twenty days. (ECF No. 79.) Defendant filed a response on February 9, 2018. (ECF No. 80.) Defendant requests that the Court strike Plaintiff's reply as untimely and improper; or alternatively, deny Plaintiff's motion to compel.

///

# I.

# RELEVANT PROCEDURAL HISTORY

On November 10, 2018, Plaintiff propounded discovery on Defendant. (ECF No. 71, p. 21; ECF No. 71, Lodholz Decl. Ex. A.) On December 1, 2017, Plaintiff filed a motion for an extension of time to complete discovery. (ECF No. 67.) Defendant filed an opposition on December 5, 2017, and Plaintiff filed a reply on December 18, 2017. (ECF Nos. 68, 69.) On December 19, 2017, Defendant served Plaintiff with responses to his discovery requests. (ECF No. 71, Lodholz Decl., Ex. B.) On this same date, the Court denied Plaintiff's motion for an extension of the discovery deadline, but directed Defendants to respond to the outstanding discovery requests then discovery closed.

On December 26, 2017, Plaintiff filed a motion to compel, with a proof of service dated December 15, 2017-four days before Defendant's discovery responses were served. (ECF No. 71.) In his motion to compel, Plaintiff stated that he served his discovery requests on November 2, 2017, and that Defendant failed to respond within thirty days. Id.

On January 3, 2018, Defendant filed his opposition to the motion to compel, and presented evidence that Plaintiff's discovery was served on November 10, 2017 to which Defendant had forty-five days to respond, and the responses were served on December 19, 2017. (ECF No. 72.) Plaintiff had seven days to file a reply to Defendant's opposition, on or before January 10, 2018. Local Rule 230(l). On January 8, 2018, Plaintiff received Defendant's responses to his discovery requests. (ECF No. 75at 1:18.) Plaintiff did not file a timely reply to Defendant's opposition, and on January 16, 2018, the Court deemed the matter submitted and denied Plaintiff's motion to compel. (ECF No. 74.) As previously stated, on January 19, 2018, Plaintiff filed a reply, with a proof of service dated January 15, 2018. (ECF No. 75.)

///
///
///
///
///
///

## II.

## DISCUSSION

Although Plaintiff's reply is untimely filed, the Court will exercise its discretion and excuse the issue and address the filing on the merits. Plaintiff seeks to compel responses to his second, seventh, and eleventh requests for production of documents.

### A. Plaintiff's Second Request for Production

Plaintiff's second request for production sought any and all Rules Violation Reports for possession of a weapon from March 2013 to March 2014, along with their disposition. (Supplemental Decl. of Lodholz, Ex. A – Request 2.) Defendant objected, to the extent that Plaintiff was seeking non-party records, that such records were not relevant to any claim or defense of any party, and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further explained that such a request was overbroad and burdensome, because it would require Defendant to search through hundreds of Rules Violation Reports over a one-year period for the entire institution to locate responsive documents. Defendant also objected that the requested documents were not in the possession, custody, or control of Defendant; called for documents subject to the official information privilege; documents protected by each respective inmate's constitutional right to privacy; and for confidential information that could jeopardize the safety and security of California prisons if disclosed. Defendant, without waiving his objections, produced copies of Plaintiff's records.

Defendant further produced a privilege log with his response to Plaintiff's request for production of documents, disclosing that Defendant was in possession of the Rules Violation Report for Plaintiff's cellmate, inmate Gonzalez, arising out of the same incident. Defendant explained that the document was protected by inmate Gonzalez's right to privacy, and that Defendant was prohibited from disclosing it without obtaining prior written voluntary consent from inmate Gonzalez. (Supplemental Decl. of Lodholz, Ex. A – Priv. Log.) Defendant requested consent by written letter on December 7, 2017, and, on December 14, 2017, inmate Gonzalez provided written consent for the disclosure. (Supplemental Decl. of Lodholz, Ex. C – Gonzalez Consent.) Defendant subsequently, and without waiving any objections, supplemented his response to Plaintiff's request and provided him

3

a copy of Gonzalez's Rules Violation Report on January 3, 2018. (Supplemental Decl. of Lodholz, Ex. C.)

Defendant's objection as to relevancy has merit. The request for non-party Rules Violation Reports is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. As previously stated, Plaintiff is proceeding on his claim that Defendant violated his right to due process in connection with a Rules Violation Report for possession of a weapon. Plaintiff contends that the documents are necessary to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident, habit, routine practice, and credibility. However, Plaintiff fails to make a showing that the documents are indeed relevant to his due process claim in this case. In order to prove a due process violation, Plaintiff must demonstrate that he did not receive one or more of the minimum procedural requirements outlined in Wolff v. McDonnell, 418 U.S. 539, 556 (1974) at his disciplinary hearing, or that there was not "some evidence" to support the finding of guilt, Superintendent v. Hill, 472 U.S. 455 (1985). Plaintiff's request is not relevant to proving his due process claim. Moreover, although in his reply Plaintiff limits his request the reports from his yard for a six-month period, the request is still not reasonably calculated to lead to the discovery of admissible evidence because the reports are not related to Plaintiff's Rules Violation Report and due process claim against Defendant. Furthermore, Defendant produced a copy of the Rules Violation Report for Plaintiff's cellmate as it was relevant to Plaintiff's claim in this action. Accordingly, there is no merit to Plaintiff's objections.

### B. Plaintiff's Seventh Request for Production

Plaintiff's seventh request for production of documents sought any and all disciplinary hearings presided over by Marsh, Weatherford, and Jennings from March 2013 to March 2014. (Supplemental Decl. of Lodholz, Ex. A – Request 7.) Defendant objected, to the extent that Plaintiff was seeking non-party records, that the request was overbroad and that such records were not relevant to any claim or defense of any party, and are not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objected that the requested documents were not in the possession, custody or control of Defendant; called for documents subject to the official information privilege and protected by each respective inmate's constitutional right to privacy; and for confidential

information that could jeopardize the safety and security of California prisons if disclosed. Finally, Defendant objected that Plaintiff's request for hearings presided over by Marsh and Weatherford sought documents not relevant to any claim or defense of any party, and was not likely to lead to the discovery of admissible evidence, because those individuals had been dismissed. (Supplemental Decl. of Lodholz, Ex. B – Response 7.) Defendant, without waiving his objections, produced copies of Plaintiff's records, and as previously explained, later supplemented his response to include a copy of inmate Gonzalez's Rules Violation Report after obtaining written permission to disclose the documents. (Supplemental Decl. of Lodholz, Ex. B, Ex. C.)

As an initial matter, this action is not proceeding against Defendants Marsh and Weatherford; therefore, Plaintiff's requests as to these Defendants are not relevant. As with Plaintiff's second request for production, Defendant's objection as to relevancy has merit. The request for records from non-party disciplinary hearings is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. As previously stated, Plaintiff is proceeding on his claim that Defendant violated his right to due process in connection with a Rules Violation Report for possession of a weapon. Plaintiff contends that the documents are necessary to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident, habit, routine practice, and credibility. However, Plaintiff fails to make a showing that the documents are indeed relevant to his due process claim in this case. In order to prove a due process violation, Plaintiff must demonstrate that he did not receive one or more of the minimum procedural requirements outlined in Wolff v. McDonnell, 418 U.S. 539, 556 (1974) at his disciplinary hearing, or that there was not "some evidence" to support the finding of guilt, Superintendent v. Hill, 472 U.S. 455 (1985). Plaintiff's request is not relevant to proving his due process claim. Accordingly, there is no merit to Plaintiff's objections.

### C.  Plaintiff's Eleventh Request for Production

Plaintiff's eleventh request for production sought any and all incidents in which the removal of the door handle revealed hidden contraband. (Supplemental Decl. of Lodholz, Ex. A, Request 11.) Defendant objected, to the extent the Plaintiff was seeking non-party records, that such records were not relevant to any claim or defense of any party, and are not reasonably calculated to lead to the

5

discovery of admissible evidence. Defendant further explained that such a request was overbroad and burdensome, because it would require Defendant to search through hundreds of thousands of incident reports throughout the California prison system for responsive documents. Defendant also objected that the requested documents were not in the possession, custody, or control of Defendant; called for documents subject to the official information privilege; documents protected by each respective inmate's constitutional right to privacy; and for confidential information that could jeopardize the safety and security of California prisons if disclosed. Defendant, without waiving his objections, produced copies of Plaintiff's records, and as previously explained, later supplemented his response to include a copy of inmate Gonzalez's Rules Violation Report after obtaining written permission to disclose the documents. (Supplemental Decl. of Lodholz, Ex. B, Ex. C.)

Defendant's objection as to relevancy has merit. As with Plaintiff's second and seventh requests for production, Defendant's objection as to relevancy has merit. The request for any and all incidents in which the removal of the door handle revealed hidden contraband is not relevant to any claim or defense of any party, and is not reasonably calculated to lead to the discovery of admissible evidence. As previously stated, Plaintiff is proceeding on his claim that Defendant violated his right to due process in connection with a Rules Violation Report for possession of a weapon. Plaintiff contends that the documents are necessary to establish motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, lack of accident, habit, routine practice, and credibility. However, Plaintiff fails to make a showing that the documents are indeed relevant to his due process claim in this case. In order to prove a due process violation, Plaintiff must demonstrate that he did not receive one or more of the minimum procedural requirements outlined in <u>Wolff v. McDonnell</u>, 418 U.S. 539, 556 (1974) at his disciplinary hearing, or that there was not "some evidence" to support the finding of guilt, <u>Superintendent v. Hill</u>, 472 U.S. 455 (1985). Plaintiff's request is not relevant to proving his due process claim. Although in his reply, Plaintiff seeks to limit his request to only incident reports for 3A02 cell 212, for the period of six months prior to the discovery of a weapon in his cell, such request is still not relevant to the claims and defenses of any party, or reasonably calculated to lead to the discovery of admissible evidence because the request seeks non-party incident reports that are not related to the incident at issue in the complaint. More specifically, whether

inmates have hidden weapons behind a door handle has no bearing on whether Plaintiff was provided procedural due process at his disciplinary hearing. Accordingly, there is no merit to Plaintiff's objections.

## III.
## ORDER

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's objections to the Court's January 16, 2018 order denying his motion to compel (ECF No. 74) are overruled.

IT IS SO ORDERED.

Dated: **February 21, 2018**

UNITED STATES MAGISTRATE JUDGE