**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE GALICIA, | Case No. 1:16-cv-00011-DAD-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO FILE A SURREPLY BE GRANTED, AND DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| JENNINGS, | |
| Defendant. | |
| | [ECF Nos. 77, 90] |

Plaintiff Jose Galicia is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendant M. Jennings motion for summary judgment, filed January 22, 2018.

**I.**

**RELEVANT HISTORY**

This action is proceeding against Defendant M. Jennings for a due process violation under the Fourteenth Amendment of the United States Constitution.[1]

---

[1] Defendants Marsh and Weatherford were dismissed on August 17, 2017, and Defendant Guzman was dismissed on August 18, 2017. (ECF Nos. 62, 63.) All other claims and Defendants were dismissing during screening. (ECF No. 10.)

On August 21, 2017, the Court issued an amended scheduling order setting, inter alia, the discovery of December 26, 2017 and the dispositive motion deadline of February 26, 2018. (ECF No. 64)

As previously stated, on January 22, 2018, Defendant M. Jennings filed a motion for summary judgment. Plaintiff filed an opposition on February 15, 2018, and Defendant filed a reply on February 22, 2018.

On March 7, 2018, Plaintiff filed a request for leave to file a sur-reply. Parties do not have the right to file surreplies and motions are deemed submitted when the time to reply has expired. Local Rule 230(*l*). The Court generally views motions for leave to file a surreply with disfavor. Hill v. England, No. CVF05869 REC TAG, 2005 WL 3031136, at *1 (E.D. Cal. 2005) (citing Fedrick v. Mercedes-Benz USA, LLC, 366 F.Supp.2d 1190, 1197 (N.D. Ga. 2005)). However, district courts have the discretion to either permit or preclude a surreply. See U.S. ex rel. Meyer v. Horizon Health Corp., 565 F.3d 1195, 1203 (9th Cir. 2009) (district court did not abuse discretion in refusing to permit "inequitable surreply"); JG v. Douglas County School Dist., 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file surreply where it did not consider new evidence in reply); Provenz v. Miller, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). Although Plaintiff does not have a right to file a surreply, in this instance the Court will exercise its discretion and consider the surreply in ruling on Defendant's motion for summary judgment.

## II.
## LEGAL STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (quotation marks omitted); Washington Mut. Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot

produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified Sch. Dist., 237 F.3d 1026, 1031 (9th Cir. 2001); accord Simmons v. Navajo Cnty., Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010).

In judging the evidence at the summary judgment stage, the Court does not make credibility determinations or weigh conflicting evidence, Soremekun, 509 F.3d at 984 (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d at 942 (quotation marks and citation omitted).

### III.

### DISCUSSION

**A.  Summary of Plaintiff's Allegations**

On March 15, 2013, Plaintiff was transferred to Corcoran State Prison and placed in administrative segregation pending release to facility 3A.

On March 20, 2013, Plaintiff arrived in facility 3A, housing unit 2 and was assigned to cell 212. Plaintiff was never asked to sign a document acknowledging that cell 212 was searched prior to Plaintiff's assignment as mandated by California Department of Corrections and Rehabilitation (CDCR) guidelines.

On March 27, 2013, Plaintiff appeared before the classification committee which chose to release Plaintiff to Facility 3A general population.

On April 2, 2013, a mass search of facility 3A, housing unit 2 was conducted. During this search a weapon was discovered in a cavity behind the door handle of Plaintiff's cell door. The door handle on the interior of Plaintiff's cell door is secured by specialized screws designed to only unscrew with the use of a specialized tool. No tool that could be used to remove the door handle was ever found in Plaintiff's cell or personal property.

On April 2, 2013, Plaintiff was placed in administrative segregation and charged with possession of a deadly weapon.

On April 10, 2013, Plaintiff was given ten minutes to view photographs of the alleged weapon. Plaintiff contends that ten minutes was not enough time to formulate an adequate defense, based on the photographs.

On July 18, 2013, correctional officer Guzman was assigned to serve as Plaintiff's investigative employee. Plaintiff forwarded a list of questions for four witnesses. Plaintiff did not know the name of the fourth witness but provided his job title as "R & R Sergeant."

On July 20, 2013, another inmate pled guilty to possession of the same weapon that Plaintiff was charged to have possessed.

On July 20, 2013, lieutenant Weatherford was the senior hearing officer who conducted the disciplinary hearing of the inmate who pled guilty to possession of the weapon. During the disciplinary hearing of the other inmate, Weatherford received exculpatory testimony exonerating Plaintiff of the charge. Weatherford refused to record the statement and told inmate (John Doe) to mind his own business.

On July 23, 2013, Guzman gave Plaintiff a copy of the interviews he conducted on three staff members, but refused to provide an explanation on why the fourth witness was not questioned. Plaintiff asserts that the fourth witness could have explained that upon Plaintiff's arrival on 3A yard his personal property was x-rayed just a few days prior to the search.

On July 25, 2013, Plaintiff appeared before senior hearing officer (SHO) T. Marsh. SHO Marsh was aware that someone else had already pled guilty to the same charge. Plaintiff was a little concerned that Marsh was conducting his disciplinary hearing since he reviewed a grievance that Plaintiff had previously filed.

Marsh seemed to have his mind made up prior to Plaintiff's hearing for he simply asked for a statement. When Plaintiff noticed that he was recording the statement, Marsh told Plaintiff there was no need. Plaintiff asked why Marsh had not reviewed the interviews of the three staff members, and he said it would not make a difference because he knew the weapon belonged to Plaintiff who was a south sider and in need of a knife on the yard.

On August 10, 2013, Plaintiff received a written disposition signed by T. Marsh finding Plaintiff guilty as charged. Based on the staff reports, Plaintiff was sentenced to a fifteen month term in the security housing unit and accessed 360 days of forfeiture of credit.

Defendant Jennings was the Chief Disciplinary Officer (CDO) who oversaw the disciplinary hearings of both inmates, John Doe and Plaintiff. Jennings duties as the CDO consist of making sure disciplinary hearings conform with constitutional safeguards and take corrective action if necessary.

**B.      Statement of Undisputed Facts**

1. Plaintiff Jose Galicia (F-39950) is a California prisoner serving a fifteen-year sentence for second degree burglary with a firearm enhancement. (ECF No. 29; Ex. A; see also ECF No. 59, p. 5:4-20.)

2. Defendant M. Jennings is a retired Associate Warden from California State Prison Corcoran. (Decl. of Jennings ¶ 2, ECF No. 77-2.)

3. On April 4, 2013, Plaintiff received Rules Violation Report ("RVR") Log No. 31-13-04-008 for possession of a deadly weapon after an inmate manufactured weapon was found hidden within his cell. (Decl. of Jennings ¶ 3; Ex. A, DEF 0014.)

4. On July 25, 2013, Plaintiff attended his disciplinary hearing for RVR Log No. 31-13-04-008 and was found guilty. (Decl. of Jennings ¶ 4; Ex. A, DEF 0015.)

5. Defendant was the Chief Disciplinary Officer assigned to review Plaintiff's disciplinary hearing for RVR Log No. 31-13-04-008. (Decl. of Jennings ¶ 5.)

6. As the Chief Disciplinary Officer, Defendant was responsible for auditing RVR documents to ensure; the CDC Form 115 and 115-A were complete; the serious classification was correct; due process and time constraints were met; the charges and circumstances of the offense coincided; the assessed credit forfeiture conformed to the division of offense and credit loss schedules; the findings and disposition were justified by documentation; and the investigative employee's/staff assistant's determination were appropriate. (Decl. of Jennings ¶ 5.)

7. The CDC Form 115 and 115-A for Plaintiff's RVR were complete. (Decl. of Jennings ¶ 6; Ex. A.)

8.     Plaintiff received his RVR for possession of a deadly weapon after an inmate manufactured weapon was found hidden within his cell, a division A-1 offense. (Decl. of Jennings ¶ 6; Ex. A, DEF 0014-0015.)

9.     As a division A-1 offense, the violation was appropriately classified as serious and the charges and circumstances of the offense coincided. (Decl. of Jennings ¶ 6; see also Cal. Code Regs. tit. 15, § 3315(a).)

10.    Documentation from Plaintiff's disciplinary hearing reflects that time constraints were met. (Decl. of Jennings ¶ 7; Ex. A, DEF 0015; see also Cal. Code Regs. tit. 15, § 3320.)

11.    Documentation reflects that the hearing was held within thirty days from the date that California State Prison, Corcoran's Investigative Services United received the District Attorney's Notice of Disposition; Plaintiff received a copy of the RVR at least fifteen days prior to the disciplinary hearing; a copy of all pertinent reports were provided to him more than twenty-four hours prior to the disciplinary hearing; and Plaintiff was advised of the charges against him and the purpose of the hearing. (Decl. of Jennings ¶ 7; Ex. A, DEF 0015.)

12.    Documentation from Plaintiff's disciplinary hearing demonstrates that he did not require a Staff Assistant. (Decl. of Jennings ¶ 8; Ex. A, DEF 0015, 0021, 0024; see also Cal. Code Regs. tit. 15, § 3315(d)(2).)

13.    Documentation reflects that Plaintiff had a reading level above a 4.0 and was not illiterate or non-English speaking; the issues were not complex and an assistant was not necessary to ensure that Plaintiff comprehended the nature of the charges or the disciplinary process; and Plaintiff was not an inmate participating in a Mental Health Services Delivery System. (Decl. of Jennings ¶ 8; Ex. A, DEF 0015, 0021.)

14.    The reviewing custody supervisor also completed an informational chrono, determining that Plaintiff's behavior did not appear "bizarre, unusual, or uncharacteristic." (Decl. of Jennings ¶ 8; Ex. A, DEF 0015, 0024.)

15.    Based on the documentation, the determination not to assign a Staff Assistant to Plaintiff was appropriate. (Decl. of Jennings, ¶ 8.)

16. Documentation from Plaintiff's disciplinary hearing indicates that an Investigate Employee was assigned based on a determination that his housing status made it unlikely that he could collect and present evidence necessary for an adequate presentation of a defense. (Decl. of Jennings ¶ 9; Ex. A, DEF 0015; see also Cal. Code Regs. tit. 15, § 3315(d)(1).

17. The assignment of an Investigative Employee under the circumstances described in the documentation is appropriate and Plaintiff did not object to Correctional Officer Guzman being assigned as his investigative Employee. (Decl. of Jennings ¶ 9; Ex. A, DEF 0015; see also Cal. Code Regs. tit. 15, § 3315(d)(1).

18. Documentation reflects that Plaintiff entered a plea of not guilty and the report reflects that he made the following statement: "I wasn't here a week in that cell. I had just got my property and it was searched by the property officer." (Decl. of Jennings ¶ 10; Ex. A, DEF 0016.)

19. Documentation reflects that Plaintiff was informed of his appeal rights. (Decl. of Jennings ¶ 12; Ex. A, DEF 0017.)

20. Based on Plaintiff's conviction for RVR Log No. 31-13-04-008, he was assessed three-hundred-and-sixty days forfeiture of credit and ten days loss of yard privileges. (Decl. of Jennings ¶ 13; Ex. A, DEF 0015.)

21. The assessed credit forfeiture conformed to Plaintiff's division A-1 offense and credit loss schedules. (Decl. of Jennings ¶ 13; see also Cal. Code Regs. tit. 15, § 3323(b)(8).)

**C.     Parties Arguments**

Defendant argues that summary judgment should be entered in favor of him because the undisputed facts demonstrate that Defendant's involvement with Plaintiff's disciplinary hearing was limited to his review of Plaintiff's RVR, and nothing in that report indicates that Plaintiff's right to due process was violated in any way. Furthermore, to the extent Plaintiff contends that there was not "some evidence" to support his conviction, or that his conviction should be set aside based on existence of exculpatory evidence, that claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff contends that genuine issues of material fact exist because Defendant Jennings is liable under the theory of respondeat superior liability and there is not "some evidence" to support the

1  RVR and the written report is insufficient. Plaintiff further argues that Defendant Jennings waived the
2  argument that his claim is barred by Heck.

### D. Analysis and Findings on Motion

As previously noted, Plaintiff contends that Defendant Jennings, as the Chief Disciplinary Officer, violated his due process rights by failing to appropriately review the disciplinary hearing on the RVR and take corrective action.

#### 1. Supervisory Liability

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on *respondeat superior*, or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow v. McDaniel, 681 F.3d 978, 989 (9th Cir. 2012) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation

in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Defendant declares that he did not attend Plaintiff's disciplinary hearing, has never spoken to Plaintiff regarding the hearing, or ever met Plaintiff. (Decl. of Jennings ¶ 5.) Rather, Defendant declares that his involvement with Plaintiff's hearing was limited to his review of Plaintiff's RVR. (Id.) Defendant submits that nothing within those documents indicates that Plaintiff's due process rights were violated. The report reflects that Plaintiff (1) received written notice of the charges; (2) received a copy of the RVR at least fifteen days prior to the disciplinary hearing, and a copy of all pertinent reports were provided to him more than twenty-four hours prior to the disciplinary hearing; (3) the SHO provided a written report regarding his conviction, including the evidence relied upon in finding him guilty; (4) the RVR indicates that Plaintiff did not request any witnesses at the hearing, but the SHO was provided the Investigative Employee's report, which included three witness responses to Plaintiff's questions; and (5) documentation demonstrates that Plaintiff did not require a staff assistant because his reading level was above a 4.0, he was not illiterate or non-English speaking, the issues were not complex, and an assistant was not necessary to ensure that Plaintiff comprehended the nature of the charges or the disciplinary process. (Decl. of Jennings ¶¶ 6-15; Ex. A, DEF 0014, 0015, 0016, 00017, 0019, 0020, 0021, 0022, 0024.)

With respect to witnesses, The Investigative Report stated the following:

STAFF WITNESS STATEMENTS: Inmate GALICIA provided the following questions to be asked of the Reporting Employee, Correctional Officer J. Potzernitz; and the witness answered as set forth below:

Q1) When as the last time the door handle was removed?
A1) I do not know.
Q2) Were the screws loose or tight?
A2) Hand tight.
Q3) Was a key or a tool that could be used to open the door handles found in inmate GALICIA's property?
A4) I don't know.

STAFF WITNESS STATEMENTS: Inmate GALICIA provided the following questions to be asked of Correctional Officers Casas and Weber; and the witnesses answered as set forth below:

Q1) When did inmate GALICIA arrive to cell 212?
A1) 3-20-13.
Q2) Was the cell searched prior to inmate GALICIA being assigned to that cell?
A2) Yes.
Q3) Was the door handle removed during that search?
A4) No.

(Decl. of Jennings, Ex. A.) Plaintiff does not dispute the notation on the hearing of the RVR which indicates that he did not request any witnesses at the hearing. (Decl. of Jennings, Ex. A.) Plaintiff merely maintains that Investigative Employee Guzman failed to locate and interview a fourth witness and that the SHO failed to consider the three witness statements submitted by Guzman Furthermore, contrary to Plaintiff's contention, the statements by the three requested witnesses were presented at the hearing on the RVR. (Decl. of Jennings ¶ 9, Ex. A.) The SHO included Guzman's Investigative Report, dated July 18, 2013, as evidence presented at the hearing. (Decl. of Jennings, Ex. A.)

Moreover, Defendant did not know that Plaintiff had allegedly provided questions for a fourth witness, because Defendant did not participate in the investigation and the documentation he reviewed reflected that Plaintiff only provided questions for three witnesses. Defendant also did not know that Plaintiff's SHO was allegedly biased against him, because it is undisputed that Defendant did not choose the SHO for Plaintiff's disciplinary hearing, did not attend the hearing, and nothing in the documentation reviewed by Defendant indicates that the SHO was biased against Plaintiff. (Decl. of Jennings ¶¶ 5, 17.)

In his opposition, Plaintiff contends that Defendant Jennings had knowledge or should have had knowledge of Plaintiff's allegations against Marsh, Guzman and Weatherford by way of his subsequent inmate grievance. (Opp'n at 83 at 15-16; see also ECF Nos. 40-4, Ex. B, 40-3, Ex. B.) However, Plaintiff has failed to present evidence that Defendant participated in the grievance process or was even aware that Plaintiff had filed a grievance. (Opp'n at 108.) Nor does Plaintiff present allegations in the operative complaint that Defendant Jennings learned of the alleged due process violations from the grievance filed by Plaintiff and failed to take corrective action thereafter (ECF No.

9), and Plaintiff's claim is not based on such factual allegations (ECF No. 66). Whereas, Plaintiff alleged that Chief Deputy Warden T. Perez handled his grievance and improperly denied it. However, Defendant Warden T. Perez was dismissed at screening for failure to state a cognizable claim. (ECF No. 73.) There is simply no evidence that Defendant Jennings had knowledge of Plaintiff's alleged due process violations by way of filing the inmate grievance. Accordingly, Defendant Jennings is entitled to summary judgment on Plaintiff's supervisory liability claim.

2. Some Evidence to Support RVR

"Some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56.

As a result of the rules violation, Plaintiff was assessed three-hundred-and-sixty days forfeiture of credit and ten days loss of yard privileges under Title 15 of the California Code of Regulations section 3323, therefore, it is undisputed that Plaintiff had a liberty interest in the good time credits. Sandin v. Connor, 515 U.S. 484 (1995).

In finding Plaintiff guilty, the SHO relied upon the RVR authored by correctional officer Potzernitz after he discovered a weapon in Plaintiff's cell, and the staff report by correctional sergeant Gomez regarding the incident. (Decl. of Jennings ¶ 11; Ex. A, DEF 0016, 0017.) The RVR and staff report were sufficient evidence to satisfy the minimal evidentiary standard. See Hill, 472 U.S. at 456-57 (finding statement of officer involved and his written report constituted "some evidence"); see also Bostic v. Carlson, 884 F.2d 1267, 1272 (9th Cir. 1989) ("The reporting officer's testimony constituted sufficient evidence to support the finding of guilty."). While Plaintiff is correct that he and his cellmate were convicted of possessing the same weapon, their convictions were consistent with California Code of Regulations, Title 15, section 3006, which prohibits inmates from "possess[ing] or hav[ing] under their control or constructive possession any weapon…." Cal. Code Regs., tit. 15, § 3006(a). Plaintiff's disagreement with the SHO's finding of guilt or claim that the door handle was not searched before he was placed in the cell is insufficient to demonstrate that there was not "some

11

evidence" to support his conviction. In any event, Plaintiff's claim does not provide that the weapon was there, and even if it were that does not foreclose Plaintiff from exercising constructive possession of the weapon. See, e.g., Hill, 472 U.S. at 456-57 (finding "some evidence" did not require direct evidence to identify any one of three inmates as the assailant); Hamilton v. O'Leary, 976 F.2d 341, 346 (7th Cir. 1992) (finding "some evidence" standard met where weapons were found in a cell that housed the plaintiff and three other inmates); Pettis v. Asuncion, Case No. CV 16-4241 CBM (JC), 2017 WL 927626, at *6-7 (C.D. Cal. Jan. 26, 2017) (finding "some evidence" standard met where cell phone was found in inmate's shared cell and his cellmate provided a declaration stating that the petitioner did not know about the phone). Plaintiff also argues that officer Potzernitz did not know whether a tool to remove screws securing the door handle was found in Plaintiff's property. However, Potzernitz also indicated that the screws were hand tight and nothing in the record indicates that a tool was necessary to remove the screws. (Decl. of Jennings, Ex. A.) Based on the foregoing, some evidence supports Plaintiff's conviction.

       3.       Humphrey v. Heck Bar

Lastly, to the extent Plaintiff contends that the documentation reviewed by Defendant Jennings does not contain "some evidence" to support his conviction, or that his conviction should be set aside based on the existence of exculpatory evidence, such claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held that a section 1983 claim cannot proceed when "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." Heck, 512 U.S. at 486-87. Accordingly, "a state prisoner's [section] 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2 (2005). The favorable termination rule, also known as the Heck bar, applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. Edwards v. Balisok, 520 U.S. 641, 646-48 (1997). Thus, a prisoner's section 1983 challenge to disciplinary hearing procedures is barred if a judgment in his favor would necessarily imply the invalidity of the resulting loss of good-time credits. Id. at 646.

12

Plaintiff is a state prisoner serving a fifteen-year sentence, and as a result of his RVR conviction, he was assessed three-hundred-and-sixty days forfeiture of credit. (ECF No. 29, Ex. A; ECF No. 59, p. 5:4-20; Decl. of Jennings ¶ 13, Ex. A, DEF 0015.) Therefore, if Plaintiff were to succeed on a claim that there was not "some evidence" to support his conviction, or that his conviction should be set aside based on the existence of exculpatory evidence, that decision would necessarily imply the invalidity of his conviction and affect the length of his sentence. See, e.g., Cox v. Clark, 321 Fed. Appx. 673, 676 (9th Cir. 2009) (affirming dismissal of due process claim pursuant to Balisok to the extent that plaintiff sought restoration of good-time credits and the reversal of a disciplinary decision); McCoy v. Spidle, No. 1:07-cv-0198-DCB, 2009 WL 1287872, at *7-8 (E.D. Cal. May 6, 2009) ("A challenge under section 1983, seeking only damages and declaratory relief for procedural due process violations is also barred if the nature of the challenge would necessarily imply the invalidity of the deprivation of good-time credits."); Hundal v. Lackner, No. EDCV 08-543-CAS (MAN), 2009 WL 2985448, at *8 (C.D. Cal. Sept. 15, 2009) ("Plaintiff's contention that his disciplinary conviction was unsupported by evidence at the hearing would imply the invalidity of his credit forfeiture."). Thus, Plaintiff's challenge that there was not some evidence to support his RVR conviction lies in habeas corpus even if such claim may come within the literal terms of section 1983. Heck, 512 U.S. at 481.

## IV.

## RECOMMENDATIONS

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Defendant Jennings's motion for summary judgment be granted; and

2. Judgment be entered in favor of Defendant Jennings.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time

13

may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **April 17, 2018**

UNITED STATES MAGISTRATE JUDGE